IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHIBU ANAME,

    Plaintiff,

vs.                               Civ. No. 96-1479 BB/WWD

AMERICAN STORES COMPANY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon the Motion to Compel Interrogatory Responses and Requests for Production filed December 18, 1997 (Docket #25) by Plaintiff. Plaintiff seeks an order compelling answers and responses to Interrogatories Nos. 3 and 7 and Requests for Production Nos. 1, 5, 7, 8, and 9 of Plaintiff's First Set of Interrogatories and Requests for Production.

    Plaintiff contends that he has unjustly been denied employment by Defendants on the basis of race or national origin.

Request for Production #1.

    In Request for Production #1, Plaintiff seeks "[t]he personnel files of all pharmacists hired by American Stores Company in New Mexico since 1991." [1] In support of this request Plaintiff cites two Tenth Circuit opinions which suggest that discovery of personnel files would be appropriate. Each of the cited cases had as one of its considerations the promotion

---

[1] The time referred to in all Interrogatories and Requests for Production has been modified to cover "the years 1991 through 1995."

policies of the defendant. Such is not the case here. A tailored request seeking the information upon which pharmacists were hired would be reasonable in the context of this case; however, Plaintiff's request is overbroad and the sought production will not be ordered.

Request for Production #5.

In Request for Production #5, Plaintiff seeks "[c]opies of Steve Mulryan's employment contracts with American Stores and its subsidiaries for the years 1991 through 1997." Defendants object claiming that the sought discovery is not relevant, and that it is privileged and confidential. The objections are not well taken and the contracts should be produced for the years 1991 through 1995.

Requests for Production #7, 8, and 9.

In Request for Production #7, Plaintiff seeks "[c]opies of all records of customer complaints pertaining to the pharmacies at all Jewel Osco, Skaggs Alpha Beta, and Osco stores in New Mexico since years [sic] 1991." In Request for Production #8, Plaintiff seeks "[c]opies of all records of medication errors pertaining to the pharmacies at all Jewel Osco, Savon, Skaggs Alpha Beta, and Osco Drug stores in New Mexico since years [sic] 1991"; and in Request for Production #9, Plaintiff seeks "[c]opies of all job performance evaluations for all staff pharmacists, pharmacy managers, pharmacy district managers, pharmacy regional managers, pharmacy interns, and pharmacy externs for all Jewel Osco, Savon, Skaggs Alpha Beta, and Osco Drug stores in New Mexico since years [sic] 1991." American Stores objects to these requests as being "harassing, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." I agree and the sought production will not be ordered. The attempted discovery goes well beyond any legitimate inquiry based on the claims made in this law suit.

Interrogatory No. 3.

Interrogatory #3 asks Defendants to "[i]dentify all pharmacists and store managers employed by Jewel Osco, Savon, Skaggs Alpha Beta, and Osco Drug stores in New Mexico from 1991 through 1997." Defendant objects that the interrogatory is overbroad, that it is not relevant, and that it will not lead to admissible evidence. The objections are overruled. Defendant shall answer interrogatory # 3 for the years 1991 through 1995.

Interrogatory No. 7.

Interrogatory #7 seeks information regarding the "policies and procedures regarding the handling of medication errors'' at the Defendants' drug stores. Defendants' objection on the basis of relevance is sustained.

Production of documents as required above and the response to Interrogatory #3 shall be served on Plaintiff on or before January 12, 1998.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE